**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jennifer McCLELLAND, Defendant— Appellant.**

No. 01–30205.

D.C. No. CR–00–00134–WFN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 2003.

Decided Jan. 24, 2003.

Before WALLACE, TROTT and TASHIMA, Circuit Judges.

MEMORANDUM *

Jennifer McClelland ("McClelland") appeals, claiming her convictions on three counts of mail fraud and one count of using fire to commit mail fraud were not supported by sufficient evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Normally, sufficiency of the evidence claims are reviewed to determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Booth,* 309 F.3d 566, 574 n. 5 (9th Cir.2002) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original)). However, because McClelland did not move for acquittal, this court's "standard of review looks to plain error or the prevention of a manifest miscarriage of justice." *United States v. Timmins,* 301 F.3d 974, 983 (9th Cir.2002) (citation omitted).

McClelland argues her convictions were not supported by sufficient evidence because she could not have reasonably foreseen that her parents would hire a public adjuster to assist with submitting their insurance claim or that the insurance company would hire an independent adjusting firm to assist with processing the claim. Foreseeability of the specific identity of the parties to the mailings and the exact method of processing an insurance claim is not required. "[T]he offense may be established where one acts with the knowledge that the prohibited actions will follow in the ordinary course of business or where the prohibited acts can reasonably be foreseen." *United States v. Lothian,* 976 F.2d 1257, 1262 (9th Cir.1992). Viewing the evidence in the light most favorable to the prosecution, the insurance claim mailings in this case were reasonably foreseeable and McClelland has not demonstrated any plain error or manifest miscarriage of justice.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.